CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
MARGARITO BASURTO, *individually and*
*on behalf of others similarly situated,*

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| LENOX COFFEE LLC (D/B/A LENOX COFFEE ROASTER), ROSA PRADO, MONICA PRADO, and ARTURO VIRAMONTES, | **29 U.S.C. § 216(b)**  **ECF Case** |
| Defendants. | |

------------------------------------------------------X

Plaintiff Margarito Basurto ("Plaintiff Basurto" or "Mr. Basurto"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against Lenox Coffee LLC (d/b/a Lenox Coffee Roaster), ("Defendant Corporation"), Rosa Prado, Monica Prado, and Arturo Viramontes, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Basurto is a former employee of Defendants Lenox Coffee LLC (d/b/a Lenox Coffee Roaster), Rosa Prado, Monica Prado, and Arturo Viramontes.

2.       Defendants own, operate, or control a coffee shop, located at 60 W 129th St., New York, NY 10027 under the name "Lenox Coffee Roaster".

3.      Upon information and belief, individual Defendants Rosa Prado, Monica Prado, and Arturo Viramontes, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the coffee shop as a joint or unified enterprise.

4.      Plaintiff Basurto was employed as a cook, a dishwasher, and a coffee server at the coffee shop located at 60 W 129th St., New York, NY 10027.

5.      At all times relevant to this Complaint, Plaintiff Basurto worked for Defendants without appropriate minimum wage compensation for the hours that he worked.

6.      Rather, Defendants failed to pay Plaintiff Basurto appropriately for any hours worked, at least at the straight rate of pay.

7.      Defendants' conduct extended beyond Plaintiff Basurto to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Basurto and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

9.      Plaintiff Basurto now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Basurto seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Basurto's state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a coffee shop located in this district. Further, Plaintiff Basurto was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13.     Plaintiff Margarito Basurto ("Plaintiff Basurto" or "Mr. Basurto") is an adult individual residing in Bronx County, New York.

14.     Plaintiff Basurto was employed by Defendants at Lenox Coffee Roaster from approximately August 2017 until on or about June 17th, 2022.

15.     Plaintiff Basurto consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a coffee shop, located at 60 W 129th St., New York, NY 10027 under the name "Lenox Coffee Roaster".

17.     Upon information and belief, Lenox Coffee LLC (d/b/a Lenox Coffee Roaster) is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 60 W 129th St., New York, NY 10027.

18.     Defendant Rosa Prado is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rosa Prado is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Rosa Prado possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Basurto, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant Monica Prado is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Monica Prado is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Monica Prado possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Basurto, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Arturo Viramontes is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Arturo Viramontes is sued individually in his capacity as a manager of Defendant Corporation. Defendant Arturo Viramontes possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees

of Defendants, including Plaintiff Basurto, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a coffee shop located in the neighborhood of Harlem in Manhattan.

22.     Individual Defendants, Rosa Prado, Monica Prado, and Arturo Viramontes, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Basurto's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Basurto, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Basurto (and all similarly situated employees) and are Plaintiff Basurto's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Basurto and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendants Rosa Prado and Monica Prado operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

28.     At all relevant times, Defendants were Plaintiff Basurto's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Basurto, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Basurto's services.

29.     In each year from 2017 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the coffee shop on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Basurto is a former employee of Defendants who was employed as a cook, a dishwasher, and a coffee server.

32.     Plaintiff Basurto seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Margarito Basurto*

33.     Plaintiff Basurto was employed by Defendants from approximately August 2017 until on or about February 2022 and then from approximately April 2022 until on or about June 17th, 2022.

34.     Defendants employed Plaintiff Basurto as a cook, a dishwasher, and a coffee server.

35.     Plaintiff Basurto regularly handled goods in interstate commerce, such as coffee, food, and other supplies produced outside the State of New York.

36.     Plaintiff Basurto's work duties required neither discretion nor independent judgment.

37.     From approximately August 2017 until on or about February 29, 2020, Plaintiff Basurto worked from approximately 6:30 a.m. until on or about 2:30 p.m., Mondays through Fridays (typically 40 hours per week).

38.     From approximately April 2020 until on or about June 2020, Plaintiff Basurto worked from approximately 9:15 a.m. until on or about 2:30 p.m., Saturdays through Wednesdays (typically 26.25 hours per week).

39.     From approximately July 2020 until on or about June 2021, Plaintiff Basurto worked from approximately 7:30 a.m. until on or about 2:30 p.m., Saturdays through Wednesdays (typically 35 hours per week).

40.     From approximately June 2021 until on or about February 28, 2022, Plaintiff Basurto worked from approximately 7:15 a.m. until on or about 2:30 p.m., Sundays through Wednesdays and from approximately 7:30 a.m. until on or about 2:30 p.m., on Saturdays (typically 36 hours per week).

41.     From approximately April 1, 2022 until on or about June 17, 2022, Plaintiff Basurto worked from approximately 7:15 a.m. until on or about 2:30 p.m., Sundays through Wednesdays and from approximately 7:30 a.m. until on or about 2:30 p.m., on Saturdays (typically 36 hours per week).

42.     Throughout his employment, Defendants paid Plaintiff Basurto his wages by check.

43.     From approximately August 2017 until on or about July 2019, Defendants paid Plaintiff Basurto $12.00 per hour.

44.     From approximately August 2019 until on or about February 2022, Defendants paid Plaintiff Basurto $13.00.

45.     From approximately February 2022 until on or about June 17, 2022, Defendants paid Plaintiff Basurto $14.00 per hour.

46.     Defendants never granted Plaintiff Basurto any breaks or meal periods of any kind.

47.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Basurto regarding overtime and wages under the FLSA and NYLL.

48.     Defendants did not provide Plaintiff Basurto an accurate statement of wages, as required by NYLL 195(3).

49.     Defendants did not give any notice to Plaintiff Basurto, in English and in Spanish (Plaintiff Basurto's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

50.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Basurto (and all similarly situated employees) to work without paying him appropriate minimum wage as required by federal and state laws.

51.     Plaintiff Basurto was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52.     Defendants' pay practices resulted in Plaintiff Basurto not receiving payment for all his hours worked, and resulted in Plaintiff Basurto's effective rate of pay falling below the required minimum wage rate.

53.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

54.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Basurto (and similarly situated individuals) worked, and to avoid paying Plaintiff Basurto properly for his full hours worked.

55.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

56.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Basurto and other similarly situated former workers.

57.     Defendants failed to provide Plaintiff  Basurto and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

58.     Defendants failed to provide Plaintiff Basurto and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

59.      Plaintiff Basurto brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

60.     At all relevant times, Plaintiff Basurto and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage under the FLSA.

61.     The claims of Plaintiff Basurto stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

62.     Plaintiff Basurto repeats and realleges all paragraphs above as though fully set forth herein.

63.     At all times relevant to this action, Defendants were Plaintiff Basurto's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Basurto (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

64.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

65.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

66.     Defendants failed to pay Plaintiff Basurto (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

67.     Defendants' failure to pay Plaintiff Basurto (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

68.     Plaintiff Basurto (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

69.     Plaintiff Basurto repeats and realleges all paragraphs above as though fully set forth herein.

70.     At all times relevant to this action, Defendants were Plaintiff Basurto's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Basurto, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

71.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Basurto less than the minimum wage.

72.     Defendants' failure to pay Plaintiff Basurto the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

73.     Plaintiff Basurto was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

74.     Plaintiff Basurto repeats and realleges all paragraphs above as though fully set forth herein.

75.    Defendants failed to provide Plaintiff Basurto with a written notice, in English and in Spanish (Plaintiff Basurto's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

76.    Defendants are liable to Plaintiff Basurto in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

77.    Plaintiff Basurto repeats and realleges all paragraphs above as though fully set forth herein.

78.    With each payment of wages, Defendants failed to provide Plaintiff Basurto with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

**DEFENDANTS ARE LIABLE TO PLAINTIFF BASURTO IN THE AMOUNT OF $5,000, TOGETHER WITH COSTS AND ATTORNEYS' FEES.PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Basurto respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Basurto and the FLSA Class members;

(c)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Basurto and the FLSA Class members;

(d)     Awarding Plaintiff Basurto and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)     Awarding Plaintiff Basurto and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Basurto;

(g)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Basurto;

(h)     Awarding Plaintiff Basurto damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(i)     Awarding Plaintiff Basurto liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(j)     Awarding Plaintiff Basurto and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(k)     Awarding Plaintiff Basurto and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(l)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(m)     All such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff Basurto demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

August 15, 2022

CSM LEGAL, P.C

By:        /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                    Telephone: (212) 317-1200
New York, New York 10165                                       Facsimile: (212) 317-1620

———————

catalina@csmlegal.com

June 23, 2022

BY HAND


TO:     Clerk of Court,


I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**


Name / Nombre:                      Margarito Basurto

Legal Representative / Abogado:     CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                       23 de junio 2022


*Certified as a minority-owned business in the State of New York*